

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00361-CR
No. 07-18-00362-CR
No. 07-18-00363-CR
No. 07-18-00364-CR

**QUARDRION JAVONTAE ATKINS, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 432nd District Court
Tarrant County, Texas[1]
Trial Court Nos. 1505245D, 1505243D, 1505244D, 1505857D
Honorable Ruben Gonzalez, Presiding

March 18, 2020

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Quardrion Javontae Atkins, appellant, was convicted of two counts of aggravated

robbery, two counts of endangering a child with criminal negligence, and evading arrest

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

with a motor vehicle. In his sole issue on appeal, he challenges the effectiveness of his trial counsel. We affirm.

Background

Two men, Jose Saavedra and Daniel Sperandeo, were robbed at gunpoint within minutes of each other in the same Arlington neighborhood. After Saavedra was robbed, he called 911 and reported that the two men who robbed him fled in a gray SUV with a paper license plate. Sperandeo also said that the two suspects got into a gray SUV, with someone else driving.

Arlington police officers quickly encountered a gray Kia Sportage with a paper license plate nearby and engaged in a pursuit. When the Kia was apprehended, the officers positioned their vehicles for a felony stop and commanded the occupants to exit the vehicle. Three men were in the car: appellant, who was driving; Jalen Cook, the front passenger; and Danny Turner, the backseat passenger. A baby girl, who was the daughter of Turner's girlfriend, was also in the backseat.

During a police interview shortly after the robbery, Sperandeo described the height, hair, and race of the men who robbed him, and described the color of the guns they used. Sperandeo was taken to a field show-up, where he recognized two of the three men as the perpetrators. Saavedra was unable to see the faces of the men who robbed him because they had pulled their T-shirts over their faces. When Saavedra was taken to the field show-up, he confirmed that the suspects and car matched the description he had provided to police.

Detective Marjaina Perez interviewed Turner at the police station. After interviewing Turner, Perez determined that appellant was one of the gunmen in both the robbery of Saavedra and the robbery of Sperandeo.

At trial, Detective Perez testified about her interview of Turner. She agreed that Turner provided details that helped her confirm her belief that appellant and Turner were the gunmen involved in Sperandeo's robbery and that appellant and Cook were the gunmen involved in Saavedra's robbery. Appellant's trial counsel objected to this portion of Detective Perez's testimony on relevance and hearsay grounds. The trial court overruled both objections.

The jury found appellant guilty of all charges and sentenced him to 30 years' imprisonment on each of the aggravated robbery counts, five years on the evading arrest count, and two years on each of the criminally negligent child endangerment counts. Appellant timely filed this appeal.

Analysis

Ineffective Assistance of Counsel Claim

In his sole appellate issue, appellant claims he was denied effective assistance of counsel because his trial attorney failed to object to Detective Perez's testimony about Turner's statements on Confrontation Clause grounds.

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. *Ex parte Scott*, 541 S.W.3d 104, 114 (Tex. Crim. App. 2017); *see* U.S. CONST. amend. VI. To prevail on a claim that counsel was ineffective, a party must prove two prongs: (1) that counsel's representation fell below an objective standard of

reasonableness and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate that the claim has merit. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

When evaluating counsel's effectiveness under the first prong, we review the totality of the representation and the particular circumstances of the case to determine whether counsel provided reasonable assistance under all the circumstances and prevailing professional norms at the time of the alleged error. *Strickland*, 466 U.S. at 688-89. We indulge a strong presumption that counsel's conduct fell within the wide range of reasonable assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc).

Under the Confrontation Clause of the Sixth Amendment, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI; *see also Burch v. State*, 401 S.W.3d 634, 636 (Tex. Crim. App. 2013). Appellant contends the admission of Detective Perez's testimony violated his Sixth Amendment rights because he had no opportunity to cross-examine Turner himself. Although appellant's trial counsel objected to Detective Perez's statements about her interview with Turner on relevance and hearsay grounds, he did not raise an objection under the Confrontation Clause.

No hearing was conducted on appellant's claim of ineffective assistance, so his trial counsel had no opportunity to explain why he failed to object to the testimony on

4

Confrontation Clause grounds. Ordinarily, trial counsel should be afforded an opportunity to explain his actions before being denounced as ineffective. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). In the absence of specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). We should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Menefield*, 363 S.W.3d at 593 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

Appellant contends that this case "is one of those rare cases where the record is adequately developed for the court to rule on his claim of ineffective assistance of counsel." In support of this assertion, he notes that his trial counsel clearly sought to exclude the evidence, because he objected to the evidence of Turner's statements and to the prosecutor's arguments about them—just not on Confrontation Clause grounds. Therefore, appellant concludes, his counsel's failure to object on other grounds "could not have possibly been the result of strategy." We are not persuaded by this argument.

The *Menefield* case is instructive. In that case, the Court of Criminal Appeals considered an ineffective assistance claim based on the failure to make a Confrontation Clause objection. *Id.* at 592. Specifically, Menefield argued that his lawyer was ineffective because he did not object to the admission of a laboratory drug report on Confrontation Clause grounds. *Id.* The Court of Criminal Appeals disagreed. In its opinion, the high court noted that the laboratory report was inadmissible because its

5

author had not been called to testify, but that the record did not reflect why counsel failed to raise a Confrontation Clause objection. *Id.* at 593. It explained,

> We do not know why counsel failed to raise a Confrontation Clause objection because the record is silent on the matter. Perhaps there was no good reason, and counsel's conduct was deficient. Or perhaps the State could (and with an objection would) have brought [the report's author] to the courtroom to testify, and counsel realized that cross-examining [him] would not benefit his client. Neither trial counsel nor the State have been given an opportunity to respond to appellant's allegation. Consequently, we conclude that the record fails to show deficient performance.

*Id.*

The instant case presents the same concern. We have before us no indication of the reason appellant's trial counsel did not assert appellant's right to confront and cross-examine Turner but instead raised relevancy and hearsay objections. As expressed in *Menefield*, one could conclude that there was a legitimate reason, such as the desire to exclude the testimony while avoiding a potentially problematic cross-examination of Turner, or one could conclude the opposite. Absent evidence of counsel's trial strategy, we cannot conclude that no competent attorney would have declined to make a Confrontation Clause objection. Consequently, appellant has not met the first prong of the *Strickland* test to show deficient performance.

Conclusion

Accordingly, the trial court's judgments are affirmed.

Judy C. Parker<br>
Justice

Do not publish.